524 P.2d 960

**Lola PARKER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Walled Lake Door Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 962.**

Court of Appeals of Arizona, Division 1, Department B.

July 23, 1974.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, by R. E. Taylor, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by James B. Long, Phoenix, for respondents employer and carrier.

OPINION

OGG, Judge.

The sole question raised in this review by writ of certiorari is whether The Industrial Commission of Arizona can dismiss a timely Request for Hearing when an injured workman fails to attend a scheduled medical examination.

The Petitioner Lola Parker suffered an industrially insured accident on March 9, 1972 and her claim was accepted for benefits. On September 18, 1972 a Notice of Claim Status was issued terminating benefits and finding Petitioner had no permanent disability. Petitioner filed a timely Request for Hearing, alleging a continuing physical disability and a formal hearing was set for January 29, 1973.

In preparation for the hearing the Respondent Insurance Carrier gave notice that Petitioner was to submit to three medical examinations. Proper notices of the medical examinations were sent to the Petitioner in care of her attorney on January 8, 1973. Petitioner did not appear for any of the scheduled medical examinations. On January 17, 1973 the attorney for the Insurance Carrier filed a Motion to Dismiss, stating that he had been informed by Petitioner's attorney that he was unable to contact his client to inform her of the scheduled medical examinations.

On January 23, 1973 the hearing officer granted the Insurance Carrier's Motion to Dismiss and entered a Findings and Award Dismissing Request for Hearing. Petitioner filed a Request for Review but failed to state any reasons why she failed to attend the medical examinations. The Commission entered its Decision Upon Review Affirming Findings and Award Dismissing Request for Hearing on March 2, 1973 and Petitioner filed a timely Petition for Writ of Certiorari.

The Petitioner alleges that the hearing officer acted without legal authority when he dismissed Petitioner's Request for Hearing. A.R.S. § 23–1026C sets up the only sanction that can be applied when an employee fails or refuses to submit to a medical examination:

> "If the employee refuses to submit to the medical examination or obstructs the examination, his right to compensation shall be suspended until the examination has been made, and no compensation shall be payable during or for such period."

Rule 14 and Rule 57, Rules of Procedure before The Industrial Commission of Arizona, dated September 1, 1970 and which were in effect at that time, provide:

> "If the Commission, carrier or employer requests an examination of the employee by a physician of their choosing, notice of the time, date, place and person conducting the examination shall be sent by the party requesting same to the employee, and his attorney of record at least five (5) days prior to the scheduled date of the examination." Rule 14

> "Any interested party who fails to abide with the provisions of these rules shall not be permitted to present any evidence at any of the proceedings before the Commission on his claim. The presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by these rules if good cause therefor is shown." Rule 57 [1]

The Insurance Carrier admits that at the time in question there was no specific statute or Commission rule which authorized the hearing officer to dismiss Petitioner's Request for Hearing. This Court has held the Insurance Carrier has the burden of at least a prima facie showing of its right to use a sanction. Garza v. Industrial Commission, 17 Ariz.App. 525, 498 P.2d 599 (1972). The Insurance Carrier argues it is unfair to allow Petitioner to ignore a scheduled physical examination when the Insurance Carrier has no meaningful sanction. Since she is not receiving compensation or undergoing medical treatment, a provision suspending compensation until she complies with the medical examinations is ineffective.

We agree that the remedies open to the Insurance Carrier are not entirely adequate; however, the statute covering this fact situation is unambiguous.

We are unable to find any case authority, statute or rule that authorized The Industrial Commission of Arizona to dismiss the Request for Hearing.

The Award Dismissing the Request for Hearing is vacated and set aside.

JACOBSON, C. J., Division 1, and EUBANK, J., concur.

---

1. Rule 57 was modified effective November 1, 1973 as follows:
   "RULE 57 Sanctions
   Any interested party who fails to abide with the provisions of these rules shall not be permitted to present any evidence at any of the proceedings before the Commission on the claim, or the request for hearing may be dismissed in the discretion of the presiding hearing officer. The presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by these rules if good cause therefor is shown."